ADOLF GUTTMAN, Plaintiff, *v.* J. H. M. CONSTRUCTION
Co., INC., Defendant.

(Municipal Court of the City of New York, Borough of Man-
hattan, Seventh District, July, 1919.)

Municipal Court of city of New York — when demand for jury
trial must be made — pleadings.

Commissions — when real estate broker entitled to.

Where · at the close of the testimony for plaintiff in a
Municipal Court action his motion to amend the complaint to
conform to the proof is granted and he rests, defendant's
demand for a jury trial served and filed with its amended
answer to the amended complaint comes too late.

A real estate broker is entitled to his commissions upon
securing and producing a purchaser ready, willing and able to
buy upon the terms specified by the seller and submitted to the
broker at the time of his hiring, and any subsequent modifica-
tion of these terms, whether accepted or not by the intending
purchaser, cannot deprive the broker of his commissions.

Where in an action to recover commissions the plaintiff
clearly establishes that the proposed purchaser was ready, will-
ing and able to accept and did accept the terms as modified by
the seller in the negotiations relating to the sale of the prop-
erty, plaintiff is entitled to recover judgment as demanded by
the complaint.

ACTION by a real estate broker for commissions.

Henry M. R. Goodman, for plaintiff.

Bernard Gordon, for defendant.

GENUNG, J.   The action is brought by a real estate
broker for commissions for securing purchaser for
property in The Bronx. The answer was general
denial.

The case came on for trial by the court without a jury.  The plaintiff finished his case and rested.  The testimony tended to show that the plaintiff procured a purchaser ready, willing and able to purchase the property at the price and on the terms offered by the defendant.  The testimony established that during the negotiations the price demanded was raised from $85,000 to $86,000 and the terms were changed so as to require payment of $10,000 in cash instead of taking second mortgage for $10,000, and in return for this increase in amount of cash to be paid the defendant would allow a reduction of $1,250 on purchase price.  The plaintiff moved to amend the complaint to conform to the proof and the motion was granted, the plaintiff specifying the amendments desired.

The defendant moved to dismiss the complaint and the motion was denied.  The defendant asked for adjournment to plead to the amended complaint and asked to have copy of the amended complaint served upon it.  With the consent of the plaintiff, the court directed the amended complaint to be served the following day and allowed the defendant five days thereafter to serve an amended answer, and adjourned the case until the day following the time allowed the defendant to serve its amended answer, and stated the case would proceed without a jury.  The amended complaint was served and five days later the defendant served and filed an amended answer, and a demand for trial by a jury of twelve men and paid the jury fee.  When the trial was resumed on the adjourned day, the defendant demanded trial by a jury of twelve men, as a matter of right, and the application was denied.  The defendant asked for adjournment to secure a bill of particulars, and the application was denied.  The defendant refused to offer any testimony or to proceed with the case.  Thereupon the court directed judgment

Municipal Court of New York, July, 1919. [Vol. 108.

in favor of the plaintiff for the amount demanded in the amended complaint.

The Municipal Court Code provides (§ 118) that either party at the time of pleading, or within three days of the joining of issue, may demand trial by jury, and that the court may in its discretion, at any time before or during the trial, direct that a trial be had by jury. The amended complaint alleged the same cause of action as the original complaint, and only specified the respects in which the original offer of the property was modified, and, as modified, accepted by the purchaser. The amended answer simply alleged a general denial. Under these circumstances it cannot be said the defendant was entitled to a trial by jury. It cannot be said to have been the purpose of the legislature to permit a party, after a plaintiff has finished his testimony, and amended his pleadings to conform to the proof, and rested his case, to serve an amended answer and a demand for a trial by jury, which he has absolutely waived by his failure to demand a trial by jury at the time of joinder of the original issue, or within three days thereafter, and thereby secure a new trial before a jury. To permit such practice would allow either party, after joinder of issue and expiration of three days thereafter, to secure a trial by jury, simply by offering or moving to amend his pleadings, theretofore interposed, without altering the cause of action or presenting a new defense. Such practice must, of necessity, unduly delay the trial of causes in the Municipal Court, as it is a well-known fact that trials by jury cannot be had as speedily as trials without a jury.

In any event, the defendant has been deprived of no right whatsoever, as it is an elementary rule, repeatedly stated in the decisions, that a broker is entitled to his commissions upon securing and producing a pur-

chaser, ready, willing and able to buy upon the terms specified by the seller and submitted to the agent at the time of his hiring. Any subsequent modification of these terms by the seller, whether or not accepted by the purchaser, cannot deprive the broker of his commissions. Furthermore, in this case, the plaintiff clearly established that the proposed purchaser was ready, willing and able to accept, and did accept the terms as modified by the seller in the negotiations between the seller, the purchaser and the plaintiff.

The defendant was given ample opportunity to proceed upon the adjourned date, and refused to offer any testimony. The testimony of the plaintiff and the purchaser was conclusive and bore the earmarks of truth and veracity and was not shaken or weakened in the least on cross-examination.

The plaintiff is, therefore, entitled to recover judgment against the defendant in the sum of $847.50, with costs and disbursements.

Judgment accordingly.